UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENA S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C25-2080-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in July 1965, has at least a high school education, and has worked as a cashier. AR 229-31, 300. Plaintiff was last gainfully employed in July 2021. AR 300.

On July 21, 2022, Plaintiff applied for benefits, alleging disability as of July 17, 2021. AR 227. She amended her onset date to the date of application at the hearing and abandoned her disability insurance benefits claim. AR 42. Plaintiff's applications were denied initially and on

reconsideration, and Plaintiff requested a hearing. AR 20. After the ALJ conducted a hearing on May 30, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 20, 30.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> **Step one**: Plaintiff has not engaged in substantial gainful activity since July 20, 2022.
>
> **Step two**: Plaintiff has the following severe impairments: osteoarthritis, status post left hip replacement, anxiety, and blind in left eye.
>
> **Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity (RFC)**: Plaintiff can perform light work except that she requires a sit/stand option at will with no time off task. She can never climb ladders, ropes, or scaffolds and can occasionally climb ramps and stairs. She can frequently balance and occasionally stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to hazardous machinery, unprotected heights, operating a motor vehicle, extreme cold, wetness, humidity, and vibration. The claimant can perform jobs that can be done with left eye blindness. She can maintain concentration for at least two-hours at a time and will be on task 90% of the workday.
>
> **Step four**: Plaintiff can perform past relevant work.
>
> **Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 20-30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating her testimony and failing to resolve conflict between the vocational expert (VE) testimony and the Dictionary of Occupational Titles (DOT). The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A. The ALJ Did Not Err in Evaluating Plaintiff Testimony**

Absent evidence of malingering, an ALJ must provide "specific, clear, and convincing" reasons supported by substantial evidence to discount a plaintiff's testimony. *Trevizo v. Berryhil*, 871 F.3d 664, 678 (9th Cir. 2017). That said, the ALJ need not believe every allegation, nor analyze testimony line by line. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

At the hearing, Plaintiff testified that her left hip became a greater problem after she had an altercation with a buffalo. AR 57. The buffalo threw her in the air and she backflipped, landing on all fours, causing her right hip to "really take a beating." AR 57. She cannot be on her feet for long because of pain. AR 50. She tries to be "very, very gentle on [her] body" to avoid pain. AR 51. Her surgeon has limited how she bends and treats her hip, so a replacement does not need to be redone. AR 51-52. She has difficulty balancing. AR 52. She has a dog who stays on her left side to help with her vision and to keep her stable. *Id*. She uses a chair when she showers, especially when shaving, because she does not want to overexert either leg. AR 52-53. She cannot vacuum for more than an hour without causing problems with her hip. AR 53-54. She tries to listen to her body about what she can and cannot do. AR 54. It can take a full day for her to feel like she can move again. AR 54-55. She is blind in her left eye, and had surgery scheduled for after the hearing to improve her vision. AR 55. She does not go anywhere without her service dog. AR 56.

Plaintiff focuses her assignment of error on the final paragraph of the ALJ's analysis of her testimony, failing to engage with the summary of medical evidence he found contradicted her

testimony. "Even when an agency explains its decision with less-than-ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina*, 674 F.3d at 1121 (cleaned up). The ALJ's reasoning here is easily discerned.

First, Plaintiff testified she did not work because "I didn't want me to mess up anything that I would do anything wrong to go get, make any more money or less money or anything." AR 50. The ALJ found this testimony to mean that Plaintiff did not return to work following surgery because she did not want to mess up her application for disability by making money. AR 25. This was a reasonable basis to discount Plaintiff's testimony. *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (affirming the ALJ's decision where the claimant "had made no attempts to perform sedentary work and had provided only a vague explanation as to why . . .").

The ALJ further discounted Plaintiff's testimony based on evidence that, following her August 2022 hip replacement, Plaintiff experienced a significant improvement in symptoms. An ALJ properly discounts a claimant's testimony where there is evidence of improvement. *See Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022). Plaintiff responded well to her left hip replacement. Within the same month as the replacement her pain was only a 2/10 and she was able to bear weight on the new hip. AR 25 (citing AR 624). The doctor required posterior hip precautions for six months following the surgery. AR 624. By July 2023 Plaintiff had no complaints about her hip, her doctor was pleased with her progress, and she had no specific medical restrictions. AR 648. This was a reasonable basis to discount Plaintiff's testimony.

Accordingly, Plaintiff has not shown the ALJ erred in his evaluation of Plaintiff's testimony.

**B. The ALJ Did Not Err in Evaluating the VE Testimony**

At step four, a VE may offer relevant evidence of a claimant's past relevant work as either actually or generally performed. 20 C.F.R. § 416.960(b)(2). If the Commissioner determines the claimant has the RFC to perform past relevant work, she is not disabled. *Id.* at § 416.960(b)(3). "[I]n the absence of any contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability." *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020) (cleaned up).

Plaintiff argues the VE failed to account for her left eye blindness because the cashier position, as generally performed, required near acuity. Dkt. 13 at 4-5; Dkt. 16 at 5-6. Plaintiff does not deny that the ALJ's hypothetical to the ALJ included her left eye blindness. *See id.*

Relying on the VE's testimony, the ALJ found at step four that Plaintiff could perform her previous job of cashier as generally performed. AR 29. The job of Cashier II describes the near acuity requirement as frequent, defined as one to two thirds of the time. DOT 211.462-010. The Commissioner notes that Plaintiff previous performed the cashier position, though without the sit/stand limitation, with her left eye blindness. Dkt. 15 at 6. Plaintiff's RFC does not include acuity limitations for her right eye, and Plaintiff does not challenge that finding.

The Oregon District Court has addressed precisely the facts in this case. *See Sankhar v. Colvin*, No. 03:14-CV-01644-HZ, 2015 WL 5664285, at *4 (D. Or. Sept. 21, 2015). There, the ALJ determined that the claimant could perform the jobs of laundry worker and cashier, both which require near acuity frequently, despite his left eye blindness. *Id.* at *3-*4. Analogizing to the requirement for frequent reaching, the judge affirmed the ALJ decision because there was no apparent conflict between the requirement for near acuity when Plaintiff had no restrictions in his right eye. *Id.* The Ninth Circuit has held that jobs which require frequent reaching do not have

an apparent conflict with an RFC which limits a claimant in reaching with one arm. *Gutierrez v. Colvin*, 657 F. App'x 664, 666 (9th Cir. 2016) ("Because the DOT fails to specify that the ability to reach overhead with both hands is required to perform cashier work, there was no apparent conflict between the VE's conclusion that [claimant] could perform cashier work and the DOT's generic job description.").

The Court agrees that this reasoning extends to the ALJ's acceptance of the VE testimony here. The DOT does not specify that the cashier position requires near acuity in both eyes, and it was reasonable of the ALJ to rely on the VE's testimony that Plaintiff was able to perform the cashier position even with left eye blindness, especially given that she had previously performed the work with left eye blindness and fewer physical limitations. Accordingly, the ALJ did not err at step four.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 17th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge